Mr. Justice Gantt
delivered the opinion of the court:
By the 3rd section of the act of assembly, passed in 1788, establishing the bounds of the prisons and gaols of the state, it is enacted, ‘‘that all prisoners in execution, on any civil process, shalT be entitled to the benefit of the •said rules, bounds or limits ; provided he shall within forty days after being taken in execution, give satisfactory security to the sheriff of the district where he is confined, that he or she will not only remain within the said rules, bounds or limits, but will also within forty days render to the clerk of the court of the district, a schedule, on oath, of his whole estate, or of so much thereof as will pay and satisfy the sum due on the execution, by force of which he is confined.” And by the 7th section of the said act, it is declared, “ that any prisoner committed in execution aforesaid, who shall not give in such schedule agreeably to the tenor of his or her bond, shall not be any longer entitled to the benefit of the prison rules, but his bond shall be forfeited and assigned to the plaintiff.”
The words of the act are so very explicit as to supersede the necessity of comment to ascertain its meaning. — • The privilege is extended upon the condition that the party confined will do two things ; keep within the bounds, and render a schedule within 40 days ; and expressly declaring that the bond shall be forfeited and assigned if the schedule is not rendered within the 40 days. By the 3d section, the schedule to be rendered is to be of the whole estate of the defendant, or so much as is necessary to pay the sum due on the execution. Does it not follow that on a forfeiture of the bond for a failure in performing the condition, reference must.be had to the amount due on the execution as the standard by which the damages are to be estimated ? I think the conclusion is inevitable. It would be nugatory and idle to require the bond should be assigned, if it was intended only that nominal damages were to be recovered on it. Nay, so strict is the law as to the security which is to be given for the performance of the condition, that the sheriff himself is by the act rendered *138 liable if he take insufficient security. The act is founded on principles of humanity, but a debtor is not permitted to abuse its kindness. He must bona fide fulfil the con„~ ditions required of him, on obtaining the benefit of the rules, or forfeit his bond and return to close confinement. Tor the fulfilment of the terms specified in the condition of the bond, the securities are equally answerable with the debtor himself: they do not alone undertake for the defendants keeping the bounds, but also that the schedule shall be rendered within the 40 days; failing in either, they are saddled with the payment of the debt.
Hunt, for the motion,
Simons, contra.
A schedule rendered at a period long antecedent, and in another case, can have ho possible bearing on the present question. The appellant can 'take no benefit from his appeal, which is dismissed. The case of Trescott ads, Ex’ors of Wigfall, depending on the same facts, must share the same fate.
Justices Johnson, Noll and Huger, concurred.-
Colcock, Justice, dissented.